Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Kylyn Ann Sleeth**

Case No. **22-42249**
CHAPTER 13 PLAN ☑ Modified
Dated: **October 26, 2024**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $**0.00 ($27,715.00 was paid in to her prior Chapter 13 plan before it was severed from her ex-husband)**.
2.2 After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| **$200.00** | **10/2024** | **03/2027** | **$6,000.00** |
| | | TOTAL: | **$6,000.00** |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **0.00** .
2.5 The debtor will pay the trustee a total of $ **6,000.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **600.00** [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 5. CLAIMS NOT IN DEFAULT —** Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| **5.1** | **ALLY FINANCIAL** | **2018 Ford Fusion Hybrid** |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e)) —** The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | *+ amount paid to date by Trustee (mod plan only)* | Total payments |
|---|---|---|---|---|---|---|---|---|
| **6.1** | **NEWREZ LLC** | **Paid prior to Sever** | | | | **$** | **$** | **$Paid prior to Severing** |
| | | | | | | | TOTAL | **$** |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | *+ amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| **7.1** | **FORD MOTOR CREDIT** | **Paid prior to sever** | | | | | **$** | **$** | **Paid prior to Severing** |
| | | | | | | | | TOTAL | |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay,the amount set forth in the "Total Payments" column belowon the followingsecured claims if a proof of claim is filed andallowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Payments | Remaining payments | *+amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ☐ | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | TOTAL | **$0.00** |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

| | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | *+amount paid to date by Trustee (mod plan only)* | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | ☐ | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | TOTAL | **$0.00** |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | *+amount paid to date by Trustee (mod plan only)* | =Total payments |
|---|---|---|---|---|---|---|---|---|
| **10.1** | **Attorney Fees** | **Paid prior to severing** | | | | **$** | **$** | **$** |
| **10.2** | **INTERNAL REVENUE SERVICE** | **Paid prior to severing** | | | | **$** | **$** | **$** |
| **10.3** | **MN DEPT OF REVENUE** | **Paid prior to severing** | | | **6** | | **$** | **$** |
| **10.4** | **Attorney Fees (10/24 mod)** | **$750.00** | **11/2024** | **$150.00** | **5** | **$750.00** | **$** | **$750.00** |
| | | | | | | | TOTAL | **$750.00** |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by Trustee (mod plan only)* | =Total payments |
|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | |
| | | | | | | | TOTAL | **$0.00** |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS —** In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| | Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | *+ amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | | |
| | | | | | | | | TOTAL | **$0.00** |

**Part 13. TIMELY FILED UNSECURED CLAIMS —** The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $**4,650.00** [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $**0.00**.

13.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $**116,888.00**.

13.3 Total estimated unsecured claims are $**116,888.00** [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS —** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of Property (including complete legal description of real property) |
|---|---|---|
| | **-NONE-** | |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| **16.1** | ***The plan is a step plan which will pay as follows: $870.00 Monthly for 38 months, then $1,389.00 Monthly for 22 months** |
| **16.2** | **The debtors shall send the Trustee each year during the Chapter 13 Plan copies of their federal and state income tax returns at the time they are filed. The debtors shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case. Joint debtors shall be entitled to retain the first $2,000 of refunds plus any earned income credit (EIC) plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment.** |
| **16.3** | **SURRENDER and RELIEF FROM STAY: Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. In the event of the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any secured creditor listed in parts 4, 5, 6, 7, 8, 9, 10, or 13 for any reason, the trustee shall pay any deficiency as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.** |
| **16.4** | **APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.** |
| **16.5** | **Debtors and their attorney authorize and direct that the secured creditors listed in parts 4, 5, 6, 7, 8, and 13 continue sending monthly statements directly to the debtors.** |
| **16.6** | **This case was severed from her now ex-husband's case, Bankruptcy File No. 22-40382. Secured payment arrears for their mortgage and vehicle, and priority tax debts and initial attorney's fees were paid in that case prior to this case being severed. The amounts paid for those debts and the amounts paid to general unsecured creditors prior to the date that this case was severed are shown in that bankruptcy case number 22-40382 and are not shown in this plan so as not to duplicate payments.** |

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **600.00** |
| Home mortgages in default [Part 6] | $ | |
| Claims in Default [Part 7] | $ | |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 9] | $ | **0.00** |
| Priority Claims [Part 10] | $ | **750.00** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **4,650.00** |
| TOTAL (must equal line 2.5) | $ | **6,000.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ Matthew M. Tande**
**Matthew M. Tande 388339**
Attorney for debtor

Signed: **/s/ Kylyn Ann Sleeth**
**Kylyn Ann Sleeth**
Debtor 1

Signed: ______________________

DISTRICT OF MINNESOTA
UNITED STATES BANKRUPTCY COURT

---

In re:

Kylyn Ann Sleeth

Debtor(s) Bky Case No: 22-42249
Chapter 13

UNSWORN DECLARATION OF SERVICE

---

Janet Kedrowski, an employee of Prescott Pearson & Tande, PA, attorneys licensed to practice law in this court, with office address of 443 Old Highway 8 Northwest Suite 208, P.O. Box 120088, New Brighton, Minnesota 55112, declares that on November 12, 2024, she served the annexed Notice of Hearing to Approve Modified Plan, Memorandum in Support and Modified Chapter 13 Plan upon each of the entities named below by mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at New Brighton, Minnesota, addressed to each of them as follows:

---

SEE ATTACHED

---

and delivered to each entity below by way of electronic transmission by the United States Bankruptcy Court CM/ECF:

Gregory Burrell, Trustee
Office of the US Trustee

---

And she declares under penalty of perjury, that the foregoing is true and correct.

Executed: November 12, 2024

/e/ Janet Kedrowski

Janet Kedrowski

ABSOLUTE RESOLUTIONS
8000 NORMAN CENTER DR #350
BLOOMINGTON MN 55437

ALLIANCEONE RECEIVABLES
4850 STREET RD STE 300
TREVOSE PA 19053

ALLINA HEALTH
2925 CHICAGO AVE
MINNEAPOLIS MN 55407-1321

ALLY BANK
AIS PORFOLIO SVCS LP
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY OK 73118-7901

ALLY FINANCIAL
PO BOX 380901
BLOOMINGTON MN 55438

AMERICAN EXPRESS
PO BOX 0001
LOS ANGELES CA 90096-0001

AMERICAN EXPRESS NATL BANK
% BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

ARSI
555 ST CHARLES DR
SUITE 100
THOUSAND OAKS CA 91360-3983

ATLAS ACQUISITIONS LCC
492C CEDAR LANE #442
TEANECK NJ 07666-1713

BK NOTICES
COMPIANCE DEPT
330 S WARMINSTER RD #353
HATBORO PA 19040-3433

CAPITAL ONE
PORTFOLIO RECOVERY ASSOCIATES
PO BOX 12914
NORFOLK VA 23541

CAPITAL ONE
MESSERLI & KRAMER ATTORNEY
3033 CAMPUS DR #250
PLYMOUTH MN 55441

CAPITAL ONE
6125 LAKEVIEW RD
SUITE 800
CHARLOTTE NC 28269-2605

CAPITAL ONE
PORTFOLIO RECOVERY ASSOCIATES
120 CORPORATE BLVD
NORFOLK VA 23502-4952

CAPITAL ONE BANK
AMERICAN INFOSURCE
PO BOX 71083
CHARLOTTE NC 28272-1083

CARSON SMITHFIELD
PO BOX 9216
OLD BETHPAGE NY 11804

CHAMPLIN CLNIIC ALLINA
RELIANCE RECOVERIES
6160 SUMMIT DRIVE SUITE 440
BROOKLYN CENTER MN 55430-2149

CREDIT ONE BANK
RESURGENT CAPITAL SERVICES
PO BOX 10497
GREENVILLE SC 29603

CROWN ASSET MANAGEMENT
3100 BRECKENRIDGE BLVD STE 725
DULUTH GA 30096

ECMC
PO BOX 16408
ST PAUL MN 55116-0408

ELLIE FAMILY SERVICES
1150 MONTREAL AVE
ST PAUL MN 55116

EMERGENCY PHYSICIANS
AMERICAN ACCOUNTS & ADVIS
PO BOX 250
COTTAGE GROVE MN 55016

EMERGENCY PHYSICIANS
AMERICAN ACCTS & ADVISORS
7460 80TH ST S
COTTAGE GROVE MN 55016

ESSENTIA HEALTH
RIVERVIEW LAW OFFICE
PO BOX 570
SAUK RAPIDS MN 56379

FBCS INC
330 S WARMINSTER RD
SUITE 353
HATBORO PA 19040

FIRST NATIONAL BANK
ATTN: BANKRUPTCY
1500 S HIGHLINE AVE
SIOUX FALLS SD 57110-100

FIRST NATL BANK OMAHA
CROWN ASSET MANAGEMENT
3100 BRECKINRIDGE BLVD #7
DULUTH GA 30096

FORD MOTOR CREDIT
PO BOX 62180
COLORADO SPRINGS CO 8096

GURSTEL LAW FIRM, PC
6681 COUNTRY CLUB DR
GOLDEN VALLEY MN 55427

HENNEPIN COUNTY TREASURE
A600 GOVERNMENT CENTER
300 S 6TH STREET
MINNEAPOLIS MN 55487-099

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPS
PO BOX 7346
PHILADELPHIA PA 19101-7346

KOHLS
PAYMENT CENTER
PO BOX 2983
MILWAUKEE WI 53201-2983

KOHLS
PERITUS PORTFOLIO SVCS
PO BOX 141509
IRVING TX 75014-1509

KOHLS CAPONE
PO BOX 3043
MILWAUKEE WI 53201

KYLYN A SLEETH
11100 UTAH AVE N
CHAMPLIN MN 55316-3751

LENDING CLUB CORP
595 MARKET STREET #200
SAN FRANCISCO CA 94105-2807

LVNV FUNDING
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

LVNV FUNDING CREDIT ONE BANK
MESSERLI & KRAMER ATTORNEY
3033 CAMPUS DR #250
PLYMOUTH MN 55441

MAPLE GROVE HOSPITAL
PO BOX 1640
MINNEAPOLIS MN 55480

MERRICK BANK
PO BOX 9201
OLD BETHPAGE NY 11804-9001

MERRICK BANK
RESURGENT CAPITAL SVCS
PO BOX 10368
GREENVILLE SC 29603-0368

METABANK
MIDLAND FUNDING
350 CAMINO DEL LE REINA #300
SAN DIEGO CA 92108

METABANK
MIDLAND FUNDING
2365 NORTHSIDE DR #300
SAN DIEGO CA 92108-2710

MN DEPT OF REVENUE
551 BKY SECTION CEU DEPT
PO BOX 64447
ST PAUL MN 55164

MODERN DENTALPROFESS
2010 27TH AVE S
MPLS MN 55406

NAVIENT
PO BOX 9500
WILKES-BARRE PA 18773

NAVIENT SOLUTIONS LLC
ECMC
PO BOX 16408
ST PAUL MN 55116-0408

NEWREZ
DBA SHELLPOINT MORTGAGE
PO BOX 10826
GREENVILLE SC 29603-0826

NEWREZ LLC
DBA SHELLPOINT MORTGAGE
75 BEATTIE PL #300
GREENVILLE SC 29601

NEWREZ LLC DBA SHELLPOINT MORT
% RIEZMAN BERGER PC
7700 BONHOMME AVE 7TH FLOOR
ST LOUIS MO 63105-1960

PARK DENTAL CHAMPLIN
RADIUS GLOBAL SOLUTION
9550 REGENCY SQ BLVD #500
JACKSONVILLE FL 32225

PARK NICOLLET CLINIC
PO BOX 9158
MINNEAPOLIS MN 55480-915

PARK NICOLLET HEALTH SVC
3800 PARK NICOLLET BLVD
ST LOUIS PARK MN 55416-2

PORTFOLIO RECOVERY
PO BOX 41067
NORFOLK VA 23541-1067

RAUSH STURM LLP
250 N SUNNYSLOPE RD #300
BROOKFIELD WI 53005

RMP, LLC
PO BOX 519
SAUK RAPIDS MN 56379

ROBERT L SLEETH
10134 LEVER STREET NE APT7
CIRCLE PINES MN 55014

SHELLPOINT MORTGAGE
55 BEATTIE PLACE
GREENVILLE SC 29601-2165

STEWART ZLIMEN JUNGERS
2860 PATTON RD
ROSEVILLE MN 55113

SUPERLATIVE RM
9370 STUDIO CT #110
ELK GROVE CA 95758-8047

SUPERLATIVE RM
9355 E STOCKTON BLVD #210
ELK GROVE CA 95624-9528

TBOM ATLS ASPIRE
PO BOX 105555
ATLANTA GA 30348

TOPLINE FCU VISA
TOPLINE CREDIT UNION
9353 JEFFERSON HWY
MAPLE GROVE MN 55369

US DEPT OF EDUCATION
PO BOX 16448
ST PAUL MN 55116

US DEPT OF EDUCATION
121 S 13TH ST
LINCOLN NE 68508-1904

US DEPT OF EDUCATION NELNET
PO BOX 82561
LINCOLN NE 68501

US DEPT OF HOUSING & URBAN DEV
477 MICHIGAN AVE #1600
DETROIT MI 48226-2564